# EXHIBIT 1



**Consolidated Wealth Holdings, Inc.**
4265 San Felipe, Ste. 1100
Houston, Texas 77027
Ph. 713-960-6656
Fx. 713-960-6691

## Life Settlement Contract

### 1. LINE OF CREDIT PROMISSORY NOTE

**Account Holder:** Sandra Vincent

This agreement is made this __14th__ day of __December__, 2007 by and between Consolidated Wealth Holdings, Inc., (hereafter "CWH") and the above-referenced account holder (hereinafter "Account Holder" or "Holder").

Whereas, Account Holder has agreed to make available a line of credit to facilitate the loan of money, by and through the referenced account, to CWH (the "Loan");

Whereas, CWH has agreed to issue a line of credit promissory note to document the Loan, which provides for repayment of principal and interest as indicated below. CWH has also agreed that neither the principal nor the interest on the principal may be prepaid in whole or in part;

Whereas, CWH intends to use the proceeds of the Loan in its principal business, namely the identification, qualification, and purchase of discounted life insurance policies (or a percentage thereof) for senior persons and reinsurance securing the payment of the related death benefit;

Whereas, by way of a separate security agreement, CWH agrees to provide Account Holder a security interest in any policies and reinsurance and proceeds of either) acquired with the proceeds of the Loan;

Whereas, Account Holder desires and directs to acquire a line of credit note issued by CWH and secured by the policies and reinsurance; and

Whereas Account Holder has reviewed and approved policy identified below to be purchased by CWH and pledged as security for the Loan;

Now therefore, in consideration of mutual covenants herein, the parties agree as follows:

**Loan Terms**

Account Holder agrees to make available to CWH a line of credit up to a maximum sum of $ __135,525.00__ for the purpose of acquiring policies and reinsurance in the ordinary course of CWHs business.

The Loan shall be documented in the form of a line of credit note bearing interest at the rate of __15%__ per annum (the "Note"). Account Holder authorizes CWH to make an initial draw in the amount of $ __60,000.00__ (the "Initial Draw") and will fund the Initial Draw by check or wire transfer to the Trust Account (hereinafter "Account") as defined below

The Initial Draw shall be deposited in the Trust Account identified below. Trust Account instructions are hereby provided to the Trust Agent directing that the funds from the Initial Draw be released to CWH for the specific purposes to: (1) purchase the policy interest identified below; (2) pay the reinsurance premiums and/or (3) pay the policy premiums for the life of the reinsurance. Any excess from the Initial Draw shall then be released to CWH to cover its fees and costs related to the transaction. CWH makes no representations as to the specific net amount that will be required to purchase the policy, nor the specific fees assessed by CWH, or any specific supporting entity, including reviewing physicians, laboratories, attorneys, licensees, and consultants, as well as legal and trust costs. By this document holder authorizes Trust Agent to release the funds as instructed.

Future draws are not anticipated, but are authorized for among other things, maintenance of the collateral securing the Note and shall be initiated by written instruction from CWH.

THE NOTE SHALL BE NON-RECOURSE AS TO CWH AND SECURED BY AND PAYABLE ONLY FROM THE PROCEEDS OF THE COLLATERAL AS DEFINED BELOW.

**Collateral**

The Collateral shall consist of all of CWH's interest in accounts, negotiable interests, commercial paper and general intangibles held in the Account identified below and all supporting obligations and proceeds of any property held in the Account. Specifically the Collateral, by and through the Trust Account, shall include the following interest:

A __13.552%__ interest in policy number __[REDACTED]__ issued by __ING__ (the "Policy").

# Life Settlement Contract

7. Account Holder represents and warrants that he or she understands, and agrees that the Note, and the Collateral, is of a "buy and hold" nature, there is no guaranteed liquidity for the Note or the Collateral and that CWH offers no buy back guarantee or assurance that Account Holder, in the event he or she forecloses on the Collateral prior to maturity of the Note, will be able to sell the Collateral or that Account Holder will be able to receive any set amount in the event of such sale. Further, Account Holder understands and agrees that in the event that it seizes the Collateral prior to the Account receiving the proceeds of the Policy, it may be subject to tax consequences pursuant to the Internal Revenue Code, including, but not limited to section 408 thereof. Account Holder hereby warrants and represents that it has and it will consult its own attorneys and tax advisers with respect to the consequences of its actions in the entering into this agreement and exercising its rights pursuant to this agreement and related documents.

8. Account Holder represents and warrants that he or she has reviewed and approved the Policy to be purchased by CWH and pledged as security for the Loan.

9. Account Holder has not relied on the Company for any legal, tax or investment advice whether expressly stated, inferred or assumed.

10. Account holder, through consultation with the account holder's advisors if account holder so chose, has such knowledge and experience in financial, investment and business matters in general that the account holder is capable of evaluating the risks and merits before entering into this promissory note with the company.

11. Account Holder represents and warrants that Account Holder has not relied on any statements, representations or warranties, whether verbal or in writing made by CWH, its agents, attorney's and/or advisers with respect to Account Holder's decision to enter into the agreement or loan the funds identified herein.

12. Finally, Account Holder represents and warrants that the information contained herein is complete and accurate and may be relied on by CWH. Account Holder also agrees to notify CWH of any change in any of the information contained herein prior to lending the money described herein.

## Arbitration

The Parties agree that, all claims, disputes, controversies, differences or other matters in question arising out of the relationship between Account Holder and CWH (and its officers, directors, agents and/or employees), whether related this agreement or otherwise shall be settled finally, completely and conclusively by arbitration in Houston, Harris County, Texas, in accordance with the Commercial Arbitration Rules of the American Arbitration Association (the "Rules"), by one or more arbitrators chosen in accordance with the Rules. Arbitration shall be initiated by written demand of the party seeking arbitration. A decision of the arbitrator or arbitrators shall be final, conclusive and binding on the parties and judgment may be entered thereon in District Court of Harris County, Texas, to enforce such decision and the benefits thereof. Any arbitration held in accordance with this paragraph shall be private and confidential and no person shall be entitled to attend the hearings except the arbitrator(s), the stenographer, if one is requested, each party, attorneys for each party and/or any representative designated by each party. The matters submitted for arbitration, the hearings and proceedings thereunder and the arbitration award shall be kept and maintained in strictest confidence and shall not be discussed, disclosed or communicated to any persons. On request of either party, the record of proceedings shall be sealed and may not be disclosed except insofar, and only insofar, as may be necessary to enforce the award of the arbitrators and any judgment enforcing such award. The prevailing party shall be entitled to recover reasonable and necessary attorney's fees and costs from the non-prevailing party.

_____
Account Holder/Payee

_[signature]_
Consolidated Wealth Holdings, Inc.
Manager